IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

IN RE: EDWARD ALLEN CAUSEY a/k/a    CASE NO. 06-31290-DHW-13
ALLEN CAUSEY and
TRACY STROUD CAUSEY

**AGREED ORDER CONDITIONALLY DENYING VANDERBILT MORTGAGE AND FINANCE, INC.'S SECOND MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

This matter coming before the Court on the Second Motion for Relief from the Automatic Stay filed by Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt" or "Movant"), and this Court being informed of the agreement of the parties hereto, it is therefore **ORDERED, ADJUDGED AND DECREED** as follows:

1. Vanderbilt's motion for relief is conditionally denied.
2. On September 26, 2001, the Debtors executed an Assumption Agreement-Alabama ("agreement") in the amount of $49,427.87. To secure this indebtedness, the Debtors granted Movant a security interest in one (1) 1999 Oakwood, Model Oakwood manufactured home bearing Vehicle Identification Number HOGA19J00349AB ("manufactured home").
3. Although the Debtors' confirmed Chapter 13 Plan requires "direct" monthly payments to Movant, the Debtors are presently in post-petition arrears to Movant in the amount of $1,413.68, representing past due monthly payments under the agreement and confirmed Chapter 13 Plan for the months of February through April, 2009.
4. The post-petition arrearage, attorney fees and costs owed to Vanderbilt through the month of April 2009 shall be added to the plan by amendment and shall be paid by the trustee upon the filing of a proper claim. Following is a breakdown of the arrearage, attorney's fees and costs to be placed in the plan:

| | |
|---|---:|
| February through April, 2009 (1 @ $433.84 and 2 @ $489.92) | $1,413.68 |
| Attorney's fees and Costs | $600.00 |
| Total | $2,013.68, |

This will result in an amended secured claim in the amount of $7,143.78.

5. The Debtors' payments to the Chapter 13 Trustee shall be $174.00 per semi-month and the Debtors' specified monthly payment to Vanderbilt will be $140.00 per month.
6. Beginning with the May 2009 "direct" installment, and continuing each month thereafter through the life of the Debtors' Chapter 13 Plan, if Vanderbilt fails to <u>receive</u> a regular monthly payment from the Debtors, <u>including any increase in the monthly payment due to force placed insurance or otherwise as allowed by the agreement</u>, in good and sufficient funds on or before the first (1st) day of each month that a payment is due, then Vanderbilt may provide written notice of monetary default to the Debtors and to counsel for the Debtors. If the Debtors fail to completely cure the monetary default by payment of

same within twenty (20) days of the <u>date</u> of written notice (Vanderbilt must <u>receive</u> complete good and sufficient funds within the referenced time period), then the "automatic stay," as contemplated by 11 U.S.C. §362(d), now protecting the Debtors' interests in the manufactured home shall immediately lift without further order of the Court.
7. Bankruptcy Rule 4001(a)(3), as amended, is not applicable and Vanderbilt may immediately enforce and implement this agreed order granting relief from the automatic stay should the Debtors default under the terms and conditions outlined herein.

SO ORDERED, this the 7th day of May, 2009.

<u>/s/ Dwight H. Williams, Jr.</u>
Honorable Dwight H. Williams, Jr.
United States Bankruptcy Judge
Middle District of Alabama

Approved As To Content & Form:

<u>/s/ James P. Wilson, Jr. (AB# WIL083779)</u>
*Attorney for Vanderbilt Mortgage and Finance, Inc.*

<u>/s/ Vonda McLeod</u>
Vonda McLeod
*Attorney for Debtors*

<u>/s/ Sabrina L. McKinney</u>
Sabrina L. McKinney
*Attorney for Chapter 13 Trustee*

c: Vonda McLeod
Sabrina L. McKinney